UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABSOLUTE RESTORATION AND REMODELING § § § | | |
| Plaintiff, § § | | |
| V. § § | CASE NO.: _____ | |
| CASSANDRA MIDDLETON, and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, § § § § § | | |
| Defendants. § | | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), a Write-Your-Own ("WYO") Program insurance carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] Defendant files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. An index of documents being filed contemporaneously with this Notice is attached as Exhibit A. Defendant would respectfully show as follows:

---

[1] See 42 U.S.C. §4001 *et seq.*
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

I.

On July 30, 2010, Plaintiff, Absolute Restoration and Remodeling, filed a lawsuit entitled *"Absolute Restoration and Remodeling v. Cassandra Middleton and Nationwide Insurance Sales Company, LLC,"* in the County Civil Court at Law No. 3 of Harris County, State of Texas, bearing cause no. 968,159. On September 22, 2010, Plaintiff amended its Petition to name flood insurer Nationwide Mutual Fire Insurance Company. *See* Exhibit B attached hereto, a copy of said Plaintiff's Second Amended Petition ("Petition") and all pleadings served to date.

II.

For the reasons that follow, Nationwide hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article VII(R) and Article IX, 28 U.S.C. §1331, 28 U.S.C. §1337, 28 U.S.C. §1367 and 28 U.S.C. §1441(c).

A.   REVIEW OF THE PLAINTIFF'S PETITION FOR DAMAGES

1. In the third paragraph "II. Parties," of the Petition, Plaintiff names Nationwide Mutual Fire Insurance Company as a defendant in this matter.

2. In the first paragraph of "V. Facts," Plaintiff places at issue a loss on or about April 28, 2009 resulting from flood.

3. In the third paragraph of "V. Facts," Plaintiff places at issue insurance policy number 87-04298236-2008 having been issued by Nationwide.

4. In the fourth paragraph of "V. Facts," Plaintiff alleges that it is owed $19,459.17 as a result of payments that were not received from Nationwide.

5. In section "VI. Causes of Action - Breach of Contract," Plaintiff alleges that Nationwide has breached a contact by failing to make payment to Defendant under policy number 87-04298236-2008.

6. In Plaintiff's Petition, "Promissory Estoppel," Plaintiff alleges that Nationwide made a promise to pay Plaintiff after completion of repairs to the insured structure and that Nationwide's promise to repair should be enforced.

7. In Plaintiff's Petition, "Common Law Statutory Fraud," paragraph 1, Plaintiff's allege again that Nationwide has breached a contract with Plaintiff.

8. In Plaintiff's Petition, "Theft Liability Act," Plaintiff alleges that it provided services to Nationwide and that such services were secured knowing that Nationwide would not pay for the services.

9. In Plaintiff's Petition, "Material Misrepresentation," Plaintiff again alleges that Nationwide has indicated to Plaintiff that Nationwide accepted and would pay for services knowing that Nationwide had no intent to do so.

10. In Plaintiff's Petition, "Quantum Meruit," Plaintiff again alleges that Nationwide agreed to and accepted Plaintiff's services and thereafter failed to pay Plaintiff for its services.

11. In section "IX. Conditions Precedent," Plaintiff alleges that it has met all conditions precedent to this lawsuit.

**B. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

12. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

13. Nationwide, as a WYO Program carrier, is authorized to issue the SFIP on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

14. Nationwide cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2007 edition).

15. Further, Nationwide has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. §62.23.

16. Nationwide's role, as a WYO Program carrier and as set forth in the Arrangement, is to *market, sell, administer,* SFIP policies as well as handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is clear that Nationwide, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1).

17. All flood claim payments made by a WYO Program carrier, such as Nationwide, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III.[4] The Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, *citing to In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987). The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001). Additionally, the cost of litigation arising from Plaintiff's claims is compensated by the NFIP.[5]

18. Effective October 1, 2004, there was a revised "Arrangement" between FEMA and all WYO Program carriers, including Nationwide. In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers

---

[4] *See also*, 44 C.F.R. Pt. 62, App. A, Art. III(D)(1), (2) and (3).
[5] 44 C.F.R. §62.23(i)(6); 44 C.F.R. Pt. 62, App. A, Art. III(D)(2).

(a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

19. Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

20. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979). In *West*, 573 F.2d at 881, the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

**C.   FEDERAL JURISDICTION**

    **(1).   42 U.S.C.   §4072   Original Exclusive Jurisdiction**

21. 42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims involving administration of and claims handling matters under the SFIP.

22. Plaintiff is aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that an insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Nationwide is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

23. Plaintiff in this matter has expressly pled that Nationwide breached the terms of the SFIP contract. Plaintiff's first count is styled "Breach of Contract." The only contract Nationwide was a party to in this matter was an SFIP issued for property located at 3922 Summit Valley Dr., Houston, Texas. As Plaintiff asserts, said SFIP number is 87-04298236-2008.[6] Plaintiff cites to the SFIP in paragraph three of Section V, then in the following paragraph references that Defendants still owe $19,459.17 to the Plaintiff. As the only contract referenced by Plaintiff is the SFIP, Plaintiff is seeking to recover payments under the SFIP. To make this point clear, Plaintiff states in the first paragraph of Section V that "it contracted with the Defendants, from an insurance claim [sic]…as a result of flood. Therefore, jurisdiction over this matter is exclusive to this Honorable Court.

**(2). 28 U.S.C. §1331 - Federal Question Jurisdiction**

24. Nationwide asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and

---
[6] See Plaintiffs' Petition, Sect. V. Facts, ¶ 3.

federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

25. In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP. Regardless of the source of funding for Plaintiff's alleged actual damages, the Court would have to interpret the SFIP itself. Federal common law governs the interpretation of the SFIP, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Further, any issue of Nationwide's standard of care in the administration of an SFIP requires an interpretation of the rules, regulations and statutes regarding the sale and administration of an SFIP. *See*, 44 C.F.R. Pt. 62, App A, Art. I. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

26. Plaintiff is alleging that Nationwide has breached a standard of care in the course of an existing SFIP by failing to make payments under the SFIP. Specifically, Plaintiff's factual averments allege that Plaintiff contracted with *Defendants* "from an insurance claim…as a result of flood."[7] Plaintiff then cites a single contract in the second paragraph section "V. Facts"- an SFIP. In Plaintiff's "Breach of Contract" section, Plaintiff continues its allegations as to a *Defendants*' breach of contract specifically stating that "Defendants have breached *the* contract

---

[7] See Plaintiff's Petition, Section V, ¶1.

...." Plaintiff's Breach of Contract count continues with two additional references to a single (the) contract.

27. Plaintiff's allegations regarding Nationwide's standard of care go directly to NFIP rules and regulations regarding Plaintiff's asserted standard of care. Each of Plaintiff's allegations asserts federal questions regarding Nationwide's administration of an existing SFIP. The payment that the Plaintiff seeks from Nationwide under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

28. Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), Nationwide asserts that there are multiple federal questions presented within the Plaintiff's Petition thereby making the action removable pursuant to 28 U.S.C. §1331.

**D. FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE**

29. Removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. 28 U.S.C. §1337 is not subject to the well-pleaded-complaint rule. Under §1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the plaintiff's pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

30. Clearly, under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that

is commonly described as the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Cas. and Sur. Co.*, 386 F.3d 263, FN3 (3rd Cir. 2004):

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, et seq., grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. §1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

31. Beyond the general proposition that the NFIA regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." *See*, *e.g.*, 42 U.S.C. §§4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's Petition, and so removal is proper pursuant to 28 U.S.C. §1337.

### E.     SEPARATE AND INDEPENDENT CLAIM

32. Plaintiff's assertions as to Nationwide having breached the SFIP and its alleged duty to the Plaintiff will require the Court to interpret federal constitutional, regulatory and statutory law, as well as the SFIP, which is itself a codified federal regulation.  Therefore Plaintiff's request can only be addressed by a federal court.  More particularly:

    a.      The SFIP issued by Nationwide is governed by federal law and flood claims are paid with U.S. Treasury funds;

    b.      The claims against the co-Defendant as are based upon and governed by state law;

    c.      Plaintiff's claims as to how Nationwide handled the SFIP and how it determined payment of U.S. Treasury funds are independent of Plaintiff's other claims; as such, Plaintiff's claims can only be removed by the WYO Program carrier Nationwide;

      d.      Plaintiff's assertion as to Nationwide's "failure" to pay amounts pursuant to the flood policy requires the Court to interpret the SFIP, itself a codified at 44 C.F.R. Pt. 61, App. A(1), which requires interpretation of federal law.

33. Removal of such claims are removable pursuant to 28 U.S.C. §1331(c), which provides in pertinent part as follows:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters in which State law predominates.

34. For the reasons discussed herein, Plaintiff's claims as to Nationwide's non-payment of policy proceeds under a SFIP raise federal questions that are separate and independent from the claims made against the other Defendant. Therefore, consent to removal of the other Defendant is not required under 28 U.S.C. §1441(c). See *Henry v. Independent American Savings Assoc.*, 857 F.2d 995, 999 (5th Cir. 1988); *Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Cermanica, et al.*, 855 F.Supp. 163, 166-67 (N.D. Tex. 1994) following *Henry*. For a discussion involving a separate and independent claim under an SFIP, please see *Raulerson v. Auto Owners Ins. Co., et al.*, No. 99-0688-P-M (S.D. Ala. Dec. 28, 1999) (The *Raulerson* Order is attached for the Court's convenience as Exhibit D).

## F. THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

35. To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. See *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

36.     Claims put at issue in the Plaintiff's Petition arise from the property damage that resulted from Hurricane Ike, and from Plaintiff's efforts to obtain flood insurance benefits as a result of that loss. As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See*, *e.g.*, *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tex. May 30, 2000).

**G.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

37.     Nationwide notes that the first service of this lawsuit against Nationwide Mutual Fire Insurance Company was September 22, 2010, a copy of which is attached hereto as part of Exhibit B.

38.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

39.     As the claims against Nationwide are separate and independent of the claims against the Co-Defendant, the Co-Defendant's consent to this removal is not required.

40.     Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit B is a copy of all processes, pleadings, and orders served on Nationwide to date.

## CONCLUSION

WHEREFORE, Defendants, Nationwide Mutual Fire Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated: October 7, 2010

        Respectfully submitted,

        **BAKER & HOSTETLER**

        By:/s/Michelle Benavides
            Douglas D. D'Arche
            State Bar No. 00793582
            Michelle Benavides
            State Bar No. 24050275
            1000 Louisiana, Suite 2000
            Houston, Texas  77002
            Telephone: (713) 751-1600
            Facsimile:  (713) 751-1717
            E-mail: ddarche@bakerlaw.com
                mbenavides@bakerlaw.com

        and

        NIELSEN LAW FIRM, L.L.C.
        GERALD J. NIELSEN, LA. S.B. 17078
        JOSEPH J. AGUDA, JR., LA. S.B. 27762
        3838 N. Causeway Blvd.  Suite 2850
        Metairie, Louisiana 70002
        Tel. (504) 837-2500
        Fax (504) 832-9165
        Email: jaguda@nielsenlawfirm.com
            gjnielsen@aol.com;

        **Counsel for Defendant: Nationwide Mutual Fire Insurance Company**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of October, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and/or forwarded via U.S. Postal Service CC/RRR to the following counsel of record:

Gregory Rincon
Rincon Law Firm PLLC
6302 Broadway, Suite 120
Pearland, TX 77581
*Counsel for Plaintiff*

Deborah Bradley
4909 Bissonnet
Bellaire, Texas 77401
Ph:  (713) 218-2400
*Attorney for Defendant,*
*Cassandra Middleton*

503082750

/s/Michelle Benavides
Michelle Benavides