IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABSOLUTE RESTORATION AND REMODELING, § § | | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3696 |
| | § | |
| CASSANDRA MIDDLETON, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment [Doc. # 43] filed by Cross-Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") for judgment on the cross-claim filed by Cross-Plaintiff Cassandra Middleton, and on the Motion for Summary Judgment [Doc. # 44] filed by Plaintiff Absolute Restoration and Remodeling ("Absolute") for judgment against Defendant Middleton. By Order [Doc. # 47] entered October 28, 2011, Middleton was ordered to respond by November 28, 2011, and was cautioned that failure to respond could result in the entry of summary judgment. Middleton neither filed a response to either Motion for Summary Judgment nor requested additional time to respond.[1] Having

---

[1] Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.4. However, when a party fails to respond to a Motion for Summary Judgment, the Court must nevertheless consider the merits of the Motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

reviewed the full record, including the uncontroverted evidence submitted by Absolute and Nationwide, the Court **grants** the Motions for Summary Judgment.

## I. BACKGROUND

Plaintiff Middleton's home sustained flood damage in April 2009. Middleton reported her claim to Nationwide, her flood insurance company under the National Flood Insurance Program.

In June 2009, Plaintiff entered into a contract for Absolute to perform the necessary repairs to her property. The contract provided that the "Property Owner's out of pocket expense will only be [for] any other upgrades, additional, or non-covered work above the insurance companies [*sic*] loss sheet or estimate." *See* Direct Repair Work Authorization ("Contract"), Exh. A-1 to Absolute's Motion for Summary Judgment.

Absolute provided repair work for Middleton's property in the amount of $50,139.29. Nationwide paid $39,212.29 under its policy with Middleton, leaving a balance of $10,927.00.

Absolute filed this lawsuit against Middleton and Nationwide, seeking payment for the work it performed on Middleton's home. Middleton filed a Cross-Claim [Doc. # 30] against Nationwide for alleged breach of contract. Nationwide and Absolute have resolved Absolute's claim against Nationwide.

After an adequate time to complete discovery, Nationwide and Absolute filed Motions for Summary Judgment. The deadline for Middleton to respond to these motions has expired, and the motions are now ripe for decision.

## II.    STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case.

*See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the

non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III.  NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT

Middleton in her Cross-Claim asserts a breach of contract claim against Nationwide. *See* Cross-Claim [Doc. # 30], ¶¶ 39, 44-47. Specifically, Middleton alleges that Nationwide "withheld $6,720.61 from the replacement cost value estimate of $42,512.70 as recoverable depreciation." *Id.*, ¶ 45. Middleton has presented no evidence to raise a genuine issue of material fact in support of this allegation. On this basis, Cross-Claim Defendant Nationwide is entitled to summary judgment on Middleton's cross-claim.

Additionally, Middleton's claim regarding an allegedly improper reduction of the replacement cost value estimate of $42,512,70 is based on a supplemental loss estimate for which no sworn proof of loss was submitted to Nationwide within sixty

(60) days of the loss, as required under the National Flood Insurance Program. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4) (requirement for sworn proof of loss within sixty days). The uncontroverted evidence shows that Middleton filed a timely proof of loss for $32,780.79, which Nationwide paid in full. Any legal claim for an additional amount is barred unless supported by a supplemental sworn proof of loss filed within the sixty-day period. *See Dogwood Grocery, Inc. v. South Carolina Ins. Co.*, 49 F. Supp. 2d 511, 513 (W.D. La. 1999); *see also Ellis v. Allstate Ins. Co.*, 2005 WL 1155060, *8 (S.D. Tex. May 13, 2005). As a result, Nationwide is entitled to summary judgment on Middleton's breach of contract claim based on an amount not included in a sworn proof of loss filed within sixty days after the loss.

## IV.  ABSOLUTE'S MOTION FOR SUMMARY JUDGMENT

Absolute alleges that Middleton breached their contract by failing to pay the full amount due for the repairs Absolute performed at Middleton's home. In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant, and damages as a result of that breach. *See Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). In this case, Absolute has presented a written contract between it and Middleton for Absolute to perform repairs

to Middleton's property and for Middleton to pay for those repairs. *See* Contract, Exh. A-1 to Absolute's Motion for Summary Judgment. Absolute has presented evidence that it performed the work in a satisfactory manner. *See* Certificate of Completion, Exh. A-2 to Absolute's Motion for Summary Judgment. Absolute has presented evidence that Middleton has failed to pay the full amount due for those repairs as she was obligated to do under the Contract, damaging Absolute in the amount of $10,927.00. Middleton has presented no evidence to the contrary. As a result, Absolute is entitled to summary judgment on its claim against Middleton for $10,927.00.

## V.     CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Nationwide's Motion for Summary Judgment [Doc. # 43] on Middleton's Cross-Claim against it is **GRANTED**. It is further

**ORDERED** that Absolute's Motion for Summary Judgment [Doc. # 44] on its claim against Middleton for $10,927.00 is **GRANTED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 9th day of **December, 2011**.

_____
Nancy F. Atlas
United States District Judge